# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| MAURICE WASHINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>LENNAR CORP., *d/b/a U.S. Home Corp.*,<br>CHARLES M. TATELBAUM, *Tripp Scott Law Firm, Attorney at Law*, and<br>UNIVERSAL AMERICAN MORTGAGE CO., LLC,<br><br>    Defendants. | Civil Action No. TDC-17-0079 |

## MEMORANDUM ORDER

Plaintiff Maurice Washington, who is self-represented, has filed suit against Lennar Corporation, doing business as U.S. Home Corporation ("Lennar"); Universal American Mortgage Co. ("UAMC"); and Charles M. Tatelbaum, an attorney at the Tripp Scott Law Firm, based on what he asserts are defects in a home he purchased in November 2013 that is located on Madrillon Way in Accokeek, Maryland ("the Property"). Lennar constructed the home, UAMC holds the mortgage, and Tatelbaum previously acted as counsel for UAMC. Washington asserts claims against all three Defendants under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601–1667f (2012), and its implementing regulation, known as Regulation Z, 12 C.F.R. 226.1–226.59 (2011). UAMC and Tatelbaum have each filed a Motion to Dismiss. Lennar has filed a Motion to Compel Arbitration. Having reviewed the Complaint and the briefs, the Court finds no hearing necessary. *See* D. Md. Local R. 105.6 (2016). For the reasons set forth below, the

Motions are granted, and Washington will be ordered to pursue arbitration of his claims against Lennar.

Washington asserts that the Property suffers from numerous defects, including construction defects related to the drywall, the electrical systems, and the plumbing, as well as survey defects resulting in inaccuracies in the deed. He asserts that Lennar failed to make various disclosures about the Property that were required by TILA, thus preventing him from learning of the defects prior to closing. As to UAMC, Washington asserts that UAMC never provided him with various escrow disclosure forms, information about his monthly mortgage loan costs, documents detailing the Maryland Homebuyers Protection Act, or information explaining his right to rescission of the mortgage. Washington makes no allegations against Tatelbaum, but he attached to his Complaint two 2016 letters signed by Tatelbaum, in his capacity as an attorney for UAMC, informing Washington that UAMC would not honor his request for a rescission of the mortgage loan. As a result of the defects in the Property and Defendants' alleged failure to make the required disclosures, Washington sought and continues to seek rescission of the mortgage and applicable damages.

All three Defendants seek dismissal of Washington's Complaint. To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal conclusions or conclusory statements do not suffice, *Iqbal*, 556 U.S. at 678. The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most

favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

Tatelbaum asserts that Washington's claims should be dismissed because the Complaint contains no allegations against him and because he is not subject to suit under TILA. Tatelbaum is correct on both counts. Washington makes no assertions against Tatelbaum in the Complaint, nor is a claim discernible based on the fact that Washington attached to the Complaint letters from Tatelbaum to Washington in his capacity as an attorney. The Complaint therefore fails to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" against Tatelbaum. Fed. R. Civ. P. 8(a)(2). Even if the Complaint contained specific allegations about Tatelbaum, they would not state a claim. TILA obligates creditors to make certain disclosures. *See* 12 C.F.R. 226.18. A "Creditor" is defined in TILA as "a person who both (1) regularly extends ... consumer credit," and "(2) is the person to whom the debt arising from the consumer credit transaction is initially payable." 15 U.S.C. § 1602(g). Here, the exhibits attached to the Complaint establish that Tatelbaum is an attorney, not a person who regularly extends consumer credit. Nor does the Complaint contain anything that would permit the conclusion that Tatelbaum was the person to whom Washington's mortgage was initially payable. *See Redic v. Gary H. Watts Realty Co.*, 762 F.2d 1181, 1187 (4th Cir. 1985) (holding that the district court erred in not directing a verdict for the defendant on the plaintiff's TILA claim where "the evidence conclusively showed" that the defendant did not regularly extend consumer credit). Washington's claims against Tatelbaum are therefore dismissed with prejudice. *See U.S. Airline Pilots Ass'n v. Awappa, LLC*, 615 F.3d 312, 320 (4th Cir. 2010) (stating that when any alteration to a cause of action would be "futile" and have "no impact on the outcome of the motion to dismiss," the district court need not grant leave to amend).

UAMC asserts that Washington's claims against it should be dismissed because it had no obligation to disclose a right of rescission to him and, even if it failed to make any other necessary disclosures, Washington's claim is untimely. UAMC is correct. Under TILA, "in the case of any consumer credit transaction" in which a security interest "will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended," the borrower "shall have the right to rescind the transaction" within three days. 15 U.S.C. § 1635(a). Likewise, under Regulation Z, "in a credit plan in which a security interest is or will be retained or acquired in a consumer's principal dwelling," the consumer shall have the right to rescind within three days. 12 C.F.R. § 226.15(a)(1)(i), (3). Lenders are obligated to inform consumers of this right to rescind. 15 U.S.C. § 1635(a). In the absence of notice, rescission may occur within three years. 12 C.F.R. § 226.15(a)(3).

However, Regulation Z specifically provides that "[t]he right to rescind does not apply to ... [a] residential mortgage transaction." 12 C.F.R. § 226.15(f)(1). To the extent that Washington filed suit against UAMC because he believed that he had a right under TILA and Regulation Z to rescind his mortgage and that UAMC failed to inform him of that right, he is mistaken, and his claim cannot proceed. Nor can Washington's suit proceed as to his other allegations. TILA has either a one- or three-year statute of limitations, depending on the provision of TILA allegedly violated. *See* 15 U.S.C. § 1640(e). Washington's mortgage transaction occurred on November 27, 2013. Washington did not file suit in this Court until January 8, 2017, more than three years after UAMC was required to make all disclosures to him. *See* 12 C.F.R. § 226.19(a)(1)(i) (requiring that disclosures in mortgage transactions be delivered "not later than the third business day after the creditor receives the consumer's written application"). Thus, on the face of the Complaint, Washington's TILA claims against UAMC

4

are outside the statute of limitations and so will be dismissed with prejudice. *See U.S. Airline Pilots*, 615 F. 3d at 320.

Lennar asserts that Washington's claims should be dismissed or stayed because they are within the scope of the mandatory arbitration provision of his Purchase and Sale Agreement ("Agreement"). Lennar thus asks that Washington be compelled to arbitrate his claim.

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§1–307 (2012), provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had[.]

*Id.* § 3. As the United States Supreme Court has emphasized, the FAA requires this Court to enforce arbitration clauses "according to their terms." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). The Agreement provides that:

> [A]ny Dispute . . . shall first be submitted to mediation, and, if not settled during mediation, shall thereafter be submitted to binding arbitration as provided by the Federal Arbitration Act . . . and not by or in a court of law or equity.

Agreement ¶ 16.1, Lennar Mot. Compel Ex. 1, ECF No. 58.3. "Disputes" are defined as:

> any and all controversies, disputes, or claims (1) arising under, or related to, this Agreement, the Property, the Community or any dealings between Buyer and Seller, (2) arising by virtue of any representations, promises or warranties alleged to have been made by Seller or Seller's representative, (3) relating to personal injury or property damage alleged to have been sustained by Buyer, Buyer's children, or other occupants of the Property, or in the Community; or (4) issues of formation, validity or enforceability of this section.

*Id.* Washington's claims are "Disputes" within the broad language of the Agreement. He asserts that there were defects in the construction of the Property and in the surveying, and that Lennar did not disclose to him certain essential facts prior to purchase. Such claims plainly are related to the Property and to Lennar's representations and warranties. *See Muriithi v. Shuttle Exp., Inc.*,

5

712 F.3d 173, 179 (4th Cir. 2013) (stating that determining whether an issue is arbitrable requires "giv[ing] effect to the parties' intentions as expressed in their agreement," with "[a]ny uncertainty" as to whether an issue is subject to arbitration to "be resolved in favor of arbitration"). Thus, by the terms of the Agreement, Washington's claims against Lennar are subject to arbitration, so this Court is required to compel Washington to submit to that arbitration. *See KPMG LLP v. Cocchi*, 132 S. Ct. 23, 25 (2011) (stating that the "emphatic federal policy in favor of arbitral dispute resolution" embodied by the FAA "requires courts to enforce the bargain of the parties to arbitrate") (internal citations omitted). While the FAA further requires only that this Court stay the proceedings pending that arbitration, "dismissal is proper when all of the issues presented in a lawsuit are arbitrable." *Choice Hotels Int'l v. BSR Tropicana Resort*, 252 F.3d 707, 709–10 (4th Cir. 2001). Here, all of Washington's claims against Lennar are within the scope of the parties' arbitration clause. The Court will thus dismiss Washington's claims.

Accordingly, it is hereby ORDERED that:

1. Tatelbaum's Motion to Dismiss, ECF No. 28, is GRANTED, and Washington's claims against Tatelbaum are DISMISSED WITH PREJUDICE.

2. UAMC's Motion to Dismiss, ECF No. 42, is GRANTED, and Washington's claims against UAMC are DISMISSED WITH PREJUDICE.

3. Lennar's Motion to Compel Arbitration, ECF No. 58, is GRANTED, and Washington's claims against Lennar are DISMISSED WITHOUT PREJUDICE.

4. Washington and Lennar are ORDERED to proceed to arbitration on Washington's claims.

The Clerk is directed to close the case.

Date: February 2, 2018

/s/ THEODORE D. CHUANG
United States District Judge